IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY BRADLEY,

      Plaintiff,

vs.                                    Civ. No. 09-86 RB/ACT

ABRAHAM GALLARDO and
RONALD TORRES, in their individual
capacities, and the BOARD OF COUNTY
COMMISSIONERS OF BERNALILLO
COUNTY,

      Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Defendants' Amended Motion for Summary Judgment and Memorandum in Support filed March 14, 2010 [Doc. 40]. Plaintiff did not respond to the Motion. Having reviewed the pleadings and relevant law, and being otherwise fully advised, the Court recommends that Plaintiff's claims be dismissed without prejudice.

**PROPOSED FINDINGS**

Factual and procedural background.

1.      This is a *pro se* civil rights action brought under 42 U.S.C. § 1983 by Jeremy Bradley ("Plaintiff").[1] On July 10, 2009, Plaintiff filed his Complaint alleging constitutional violations and tort claims under state law during his incarceration at the Metropolitan Detention Center ("MDC").

---

[1] At the time this lawsuit was filed, Plaintiff was *pro se* [Doc. 1]. Counsel appeared for Plaintiff upon filing of an Amended Complaint [Doc. 7]. Counsel for Plaintiff filed a Motion to Withdraw on August 14, 2009 [Doc. 22] which was denied on August 18, 2009 [Doc. 25]. Counsel for Plaintiff filed an Amended Motion to Withdraw on September 7, 2009 [Doc. 27] which the Court granted on September 25, 2009 [Doc. 29].

2. On April 1, 2007, Plaintiff was a detainee at MDC. Defendant Abraham Gallardo was a custody officer employed by MDC and the County of Bernalillo. The allegations in his complaint concern an alleged incident that occurred on April 1, 2007.

3. Plaintiff alleges that he was in the waiting area waiting to be called for his video appearance when Defendant Gallardo told him to sit up. Plaintiff agreed to sit up but asked Defendant Gallardo to speak to him in a more respectful manner. Defendant Gallardo then put Plaintiff into a cell and ordered him to get on his knees. Defendant Gallardo then allegedly pushed Plaintiff to the ground, placed his knee on Plaintiff's neck and handcuffed him. Plaintiff then alleges Defendant Gallardo kicked him in the mouth.

Legal Analysis.

4. Summary judgment is proper if the movant demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Only disputes over facts that might affect the outcome of the suit under the applicable law will preclude summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

5. "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, conclusory allegations by the party opposing summary judgment are not sufficient to establish an issue of fact which would defeat the motion. *Id*. at 1109-10; *Setliff v. Memorial Hosp. of Sheridan County*, 850 F.2d 1384, 1392 (10th Cir. 1988).

*Exhaustion of Remedies.*

6. The Prison Litigation Reform Act ["PLRA"] sets out express limitations prior to proceeding with a viable lawsuit. Under 42 U.S.C. §1997e(a) of the PLRA, a prison inmate is required to complete the prison administrative process before suing over prison conditions. *Booth*

*v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is designed to be a disincentive for prisoners who would rather bypass available internal procedures and proceed directly to a lawsuit in federal court. The hope is that some prisoner litigation may be avoided, and that the suits which are brought have better documentation for the court to consider.  *Woodford v. Ngo,* 548 U.S. 81 (2006).

7.      Congress has eliminated both the discretion to dispense with administrative exhaustion and the condition that administrative exhaustion be plain, speedy, and effective. Even where the available remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available. *Booth,* 532 U.S. at 740. The PLRA's exhaustion requirement applies to all suits arising out of prison life. *Porter v. Nussle*, 534 U.S. 516, 525 (2002); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).  "[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court." *Steele v. Fed. Bureau of Prisons,* 355 F.3d 1204, 1207 (10th Cir. 2003) abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007).  Accordingly, an inmate must do more than initiate the administrative grievance process; he must also complete it prior to filing suit. *Jernigan v. Stuchell*, 304 F.3d at 1032.

8.      In a suit governed by the PRLA, the burden of proof of the exhaustion of administrative remedies issue is on the defendant. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). Defendant must prove that: (1) administrative remedies were available to the plaintiff, and (2) the plaintiff failed to exhaust these remedies.  *Purkey v. CCA*, 263 Fed. Appx. 723 (10th Cir. 2008).  As discussed below, all of Plaintiff's constitutional claims are subject to dismissal due to Plaintiff's failure to exhaust his administrative remedies.

9. In Defendants' Motion for Summary Judgement the Defendants filed an Affidavit of Larry Ortega ("Ortega") [Doc. 40, Exh. C]. His title is Corrections Analyst and Custodian of Records in the MDC Civil Litigation/Internal Affairs Department. He states that MDC had an inmate grievance procedure while Plaintiff was incarcerated which is identified in the Inmate Handbook. The Inmate Handbook is presented to inmates at the time of booking. Attached to Ortega's Affidavit is a copy of the cover of the Inmate Handbook dated January 2007 along with a page from the Inmate Handbook stating:

> "INMATE GRIEVANCE:
> Should you wish to file a grievance, complaint or request information, you may request a Grievance/Request for Information from a Case Manager. All grievances are filled out and given to the Case Manager."

Doc. 40, Exh. C at Exh. 1.

Ortega further states that he has reviewed the files of the Plaintiff and that he did file a grievance related to the underlying incident on April 1, 2007. Plaintiff's grievance is attached as Exh. 2 to Ortega's Affidavit. Ortega states:

> "....Mr. Bradley chose to withdraw that grievance and indicated that the grievance had been resolved. Although an appeal is available, Mr. Bradley did not sign that he wished to pursue an appeal and MDC has no record that an appeal was taken."

*Id.*

A review of the grievance filed by the Plaintiff and attached to Ortega's Affidavit demonstrates that Plaintiff filed a grievance. MDC's response to his grievance was:

> "Inmate was told that Gallardo was not harrasing(sic) him that he was looking for any contraban(sic) when he came in."

Doc. 40, Exh. C at Exh. 2.

Plaintiff's signature indicates that the problem has been resolved and that he withdrew his grievance on June 3, 2007. The grievance form also demonstrates that the Plaintiff did not and did not wish to appeal MDC's response to his grievance.

*Id.*

10. The undisputed evidence before the Court is that MDC had an grievance procedure that included an appeal process. As Plaintiff did not appeal his grievance , Plaintiff did not exhaust his administrative remedies as to his constitutional claims. *Jernigan v. Stuchell*, 304 F.3d at 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursing a §1983 claim under PLRA for failure to exhaust his administrative remedies."), *Ross v. McCort*, 292 Fed. Appx. 714, 717 (10th Cir. 2008) (The Court noted that Plaintiff did not appeal his grievance and thus failed to exhaust his administrative remedies under PLRA). Thus, the Court finds that all of Plaintiff's constitutional claims in his Complaint and Amended Complaint should be dismissed for failure to exhaust his administrative remedies. The Court further recommends that the Court decline supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction over state-law claims if it "has dismissed all claims over which it has original jurisdiction").

Conclusion.

11. Pursuant to the mandates of the PLRA, Plaintiff is required to exhaust all administrative remedies provided by the correctional institution prior to filing a lawsuit. Plaintiff's failure to comply mandates dismissal of his constitutional claims. Further, pursuant to 28 U.S.C. §1367(c)(3), the Court should decline supplemental jurisdiction over Plaintiff's state law claims.

## **RECOMMENDED DISPOSITION**

I recommend that Plaintiff's Complaint filed January 26, 2009 [Doc. 1], and Plaintiff's Amended Complaint filed March 6, 2009 [Doc. 7], be dismissed without prejudice.

Timely objections to the foregoing may be made pursuant to 28 U.S.C.§ 636(b)(1)(C). Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such Proposed Findings and Recommended Disposition with the Clerk of the United States District Court. A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**